PER CURIAM.
The parties to this appeal were divorced on September 10, 1977. In the final judgment of dissolution of marriage the trial court awarded the appellee $500 toward her attorney’s fees. After proceedings subsequent to the final judgment a successor judge awarded attorney’s fees in the amount of $7,500 on November 4, 1980. Credit was allowed for the $500 previously paid by the appellant pursuant to the final judgment of dissolution. It is this latter order which is the subject of this appeal. We reverse.
No appeal was taken from the final judgment of dissolution of marriage. The rec *311 ord clearly shows that the sum of $500 was awarded as total attorney compensation to be paid by the appellant for services performed on the case through the entry of final judgment. Because no appeal was taken the final judgment became final and not subject to later modification.
It is evident from the record that the successor judge, in his order of November 4, 1980, reassessed the compensation due ap-pellee’s attorney for services performed pri- or to the entry of final judgment. This was improper because the court was without jurisdiction to modify the previous award of attorney’s fees. The trial court should have calculated the appellee’s attorney’s fees on the basis of services performed by appel-lee’s counsel subsequent to the entry of final judgment.
Accordingly, the order awarding attorney’s fees in the amount of $7,500 is reversed and this cause is remanded for the trial court to consider only those services performed subsequent to the entry of final judgment. For this purpose the trial court may receive additional evidence.
REVERSED AND REMANDED.
DOWNEY, MOORE and HURLEY, JJ., concur.